**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Elinor Vanderbrook, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 4053 |
| | ) | |
| ER Solutions, Inc., a Washington corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Elinor Vanderbrook, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.   Plaintiff, Elinor Vanderbrook ("Vanderbrook"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt owed for an HSBC account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, ER Solutions Inc. ("ERS"), is a Washington corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant ERS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant ERS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant ERS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, ERS conducts business in Illinois.

6. Moreover, Defendant ERS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, ERS acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Vanderbrook is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an HSBC account. When ERS began trying to collect this debt from Ms. Vanderbrook, by sending her a collection letter dated December 10, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant ERS's collection actions. A copy of Defendant's letter is attached as Exhibit C.

8. Accordingly, on February 15, 2011, one of Ms. Vanderbrook's attorneys at LASPD informed ERS, in writing, that Ms. Vanderbrook was represented by counsel,

and directed ERS to cease contacting her, and to cease all further collection activities because Ms. Vanderbrook was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant ERS sent a collection letter, dated March 4, 2011, directly to Ms. Vanderbrook, which demanded payment of the HSBC debt. A copy of this letter is attached as Exhibit E.

10. Accordingly, on May 6, 2011, one of Ms. Vanderbrook's LASPD attorneys had to write to Defendant ERS again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit F.

11. Defendant ERS's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant ERS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Vanderbrook's, agent, LASPD, told

Defendant ERS to cease communications and cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant ERS violated § 1692c(c) of the FDCPA.

16. Defendant ERS's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant ERS knew that Ms. Vanderbrook was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant ERS to cease directly communicating with her. By directly sending Ms. Vanderbrook a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant ERS violated § 1692c(a)(2) of the FDCPA.

20. Defendant ERS's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Elinor Vanderbrook, prays that this Court:

1. Find that Defendant ERS's debt collection actions violated the FDCPA;

    2.      Enter judgment in favor of Plaintiff Vanderbrook, and against Defendant ERS, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Elinor Vanderbrook, demands trial by jury.

Elinor Vanderbrook,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: June 15, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com